UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
Jeannie Patora individually and on behalf of all : 
others similarly situated, :
: Case No. 7:23-cv-01118-VB
Plaintiff, :
v. : The Honorable Vincent L. Briccetti
:
:
:
Colgate-Palmolive Co., :
:
Defendant. :
:
:
:
:
―――――――――――――――――――――――― x

[DOCUMENT ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/23]

~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WHEREAS, an action is pending before this Court entitled *Patora v. Colgate-Palmolive Co.*, Case No. 7:23-cv-01118 (the *"Patora Action"*);

WHEREAS, an action is pending before this Court entitled *Dorsey, et al. v. Colgate-Palmolive Company.*, Case No. 7:23-cv-01426 (the "*Dorsey* Action");

WHEREAS, an action is pending in the Western District of North Carolina entitled *Dixon v. Colgate-Palmolive America Inc., et al.*, Case No. 1:23-cv-00038 (the "*Dixon* Action") (the economic claims of the *Patora*, *Dorsey*, and *Dixon* Actions are collectively referred to herein as the "Litigation");

WHEREAS, Plaintiffs having made application pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with the Colgate-Palmolive-Company ("Defendant," and together with Plaintiffs, the "Parties"), in accordance with the settlement agreement lodged concurrently with the Court ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein ("Settlement"); and

Having considered all matters submitted to it including the complete record of the Litigation and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. For purposes of the settlement only, the Court certifies the Settlement Class, which consists of all purchasers within the United States who, between December 14, 2022 through the Preliminary

Approval Date, purchased for use and not for resale or distribution purposes, one or more of the Class Products.[1] The Settlement Class does not include: (1) the Honorable Vincent L. Briccetti and members of his immediate family; (2) Colgate-Palmolive; (3) any entity in which Colgate-Palmolive has a controlling interest; (4) any of Colgate-Palmolive's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

3. The Court preliminarily finds, solely for purposes of considering this settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied, including requirements that: (a) the Settlement Class Members are too numerous to be joined in a single action; (b) common issues of law and fact exist and predominate; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and (e) a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Litigation. The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability, efficiency, or judicial

---

[1] The "Class Products" include: any of the following products (1) purchased within the Class Period and (2) with a manufacturing (lot) code where the first 8 digits begin with 2348US78 through 2365US78 and 3001US78 through 3023US78: Fabuloso Original Multi-Purpose Cleaner, Lavender Scent, 16.9oz + 30% Free Bonus Pack (22 FL OZ) (UPC # 035000995025); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Lavender Scent, 56 FL OZ (UPC # 035000530325); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Lavender Scent, 128 FL OZ (UPC # 035000530585); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Lavender Scent, 169 FL OZ (UPC # 035000531223); Fabuloso Multi-Purpose Cleaner, Lavender Scent, 210 FL OZ (UPC # 035000531230); Fabuloso Professional All Purpose Cleaner & Degreaser, Lavender Scent, 1 Gallon (UPC # 035110043074); Fabuloso Original Multi-Purpose Cleaner, Refreshing Lemon Scent, 16.9 OZ + 30% Free Bonus Pack (22 FL oz) (UPC # 035000995018); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Refreshing Lemon Scent, 33.8 FL OZ (UPC # 035000974716); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Refreshing Lemon Scent, 56 FL OZ (UPC # 035000470416); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Refreshing Lemon Scent, 128 FL OZ (UPC # 035000973542); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Refreshing Lemon Scent, 169 FL OZ (UPC # 035000969873); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Passion of Fruits Scent, 33.8 FL OZ (UPC # 035000530981); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Passion of Fruits Scent, 56 FL OZ (UPC # 035000530301); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Passion of Fruits Scent, 128 FL oz (UPC # 035000530608); Fabuloso Multi-Purpose Cleaner 2X Concentrated Formula, Passion of Fruits Scent, 169 FL OZ (UPC # 035000458162); Fabuloso Multi-Purpose Cleaner Bleach Alternative 2X Concentrated Formula, Spring Fresh Scent, 56 FL OZ (UPC # 035000530998); and Fabuloso Professional All Purpose Cleaner & Degreaser, Ocean Scent, 1 Gallon (UPC # 035110043739).

economy issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

4. The Court conditionally designates Jason P. Sultzer of The Sultzer Law Group, P.C., Stephen J. Fearon, Jr. of Squitieri & Fearon, LLP, Nick Suciu of Milberg Coleman Bryson Phillips Grossman, PLLC, Paul Doolittle and Blake Abbott of Poulin, Willey, Anastapoulo, LLC and Charles E. Schaffer of Levin Sedrin & Berman as Class Counsel for purposes of this settlement.

5. The Court conditionally designates Plaintiffs Elizabeth Dixon, Jeannie Patora, and Arnold Thomas as Class Representatives for the purposes of this settlement.

6. The Court preliminarily finds that the Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the absent Settlement Class Members.

7. The Court has subject-matter jurisdiction over the Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8. A Final Approval Hearing shall be held before this Court at [10:00 a.m. on April 25, 2024], in Courtroom 620, in the United States District Court for the Southern District of New York, 300 Quarropas St. White Plains, NY 10601-4150, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and payment to the Class Representatives should be approved.

9. In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the proposed settlement and implement the Claim process, in accordance with the terms of the Settlement Agreement. Angeion Group is hereby appointed by the Court as the Claim Administrator, whose reasonable fees and costs are to be paid by Defendant from the Settlement Fund in accordance with the Settlement Agreement. The

Claim Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

10. The Court approves, as to form and content, the Claim Form and Notices, attached as Exhibits to the Settlement Agreement and the Declaration of Jason Sultzer in support of Plaintiffs' Motion for Preliminary Approval. The Claim Form and Notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or Notices. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement.

11. The Court finds that Plaintiffs' plan for providing notice to the Settlement Class (the Notice Plan) is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval hearing, and applicable deadlines, complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties and the Claim Administrator shall comply with the Notice Plan and other deadlines as set forth in the Settlement Agreement and this Order.

12. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit a timely request for exclusion to the Claim Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be postmarked by 90 days after the commencement

Case 7:23-cv-01118-VB   Document 23-2   Filed 10/04/23   Page 48 of 60

of Class Notice. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

13. The Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiffs' Counsel shall inform the Court of the number of persons who have timely and validly excluded themselves concurrently with the filing of Plaintiffs' motion for final approval of the Settlement, in accordance with the Court's regular notice requirements. The Court retains jurisdiction to resolve any disputed exclusion requests.

14. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation.

12. Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth in the Long Form Notice and must be filed with the Clerk of the Court (not postmarked) no later than 90 days after the commencement of Class Notice, or it will be rejected.

13. Any Settlement Class Member shall have the right to request to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. If the Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a timely written objection in compliance with the requirements referenced in the prior paragraph of this Order.

14. In addition, Settlement Class Members are enjoined from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any released claims.

15. Plaintiffs shall file motions for Final Approval and for any award of attorneys' fees, costs and class representative payments in accordance with the Court's regular motion requirements and the terms of the Settlement Agreement, and the reply in support of that motion no later than five days before the Final Approval Hearing. Those motions and all supporting documentation shall be posted to the Settlement Website within one day of filing.

16. Prior to the hearing on Final Approval and in accordance with the Court's regular notice requirements, the Claim Administrator shall provide a declaration to the Court regarding the number and dollar amount of claims received to date.

17. In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith (including any order amending the complaint) shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

18. This Order shall not be construed as an admission or concession by Defendant of the truth of any allegations made by the Plaintiffs or of liability or fault of any kind.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members, though such extensions shall be posted to the Settlement Website. The Final Approval Hearing may, from time to time and without further

notice to the Settlement Class Members beyond updates to the Court's docket and the Settlement Website, be continued by Order of the Court. If the Court grants Final Approval to the Settlement Agreement, then Settlement Class Members who have not timely requested to be excluded, including persons who objected to the Settlement Agreement or submitted an Approved Claim, shall be deemed to have released their Released Claims.

20. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

21. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

IT IS SO ORDERED this 14th day of November, 2023.

Vincent L. Briccetti
UNITED STATES DISTRICT JUDGE

→ The Clerk is instructed to terminate the motion. (Doc. #21)